```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

DAVE L. DIXON, et al.         :

                                 :

   v.                          :   Civil Action No. DKC 19-1710

                                 :

SELECT PORTFOLIO SERVICING
COMPANY c/o Lawyers           :
Incorporating Service Company,
et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this fraud and breach of contract case are the motion to dismiss filed by Defendants Select Portfolio Servicing, Inc. ("SPS"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and HSBC Bank, USA, as Trustee in Trust for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-WM1, Asset Back Pass Through Certificates (the "HSBC Trust"), (ECF No. 9), and the motion for leave to amend filed by Plaintiffs Dave and Juliana Dixon ("Plaintiffs" or "Mr. Dixon" and "Mrs. Dixon," respectively), (ECF No. 15) . The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted, albeit without prejudice, and the motion for leave to amend denied, again with leave to file again.

## I. Background

Unless otherwise noted, the facts outlined here are undisputed and construed in the light most favorable to Plaintiffs. On August 31, 2006, Plaintiffs purchased a property at 10013 Old Frederick Road in Ellicott City, Maryland ("the property"). Plaintiffs financed their purchase with a promissory note ("the Note") from WMC Mortgage Corp. ("WMC). The Note was secured by a Deed of Trust ("the Deed of Trust"), through which the Plaintiffs agreed to provide the noteholder, or its assigns, a first priority lien on the Property. The Deed of Trust defined MERS as "a separate corporation that is acting solely as a nominee for [WMC] and [WMC's] successors and assigns." (ECF No. 9-4, at 15)[1]. The Deed of Trust further named MERS as "the beneficiary under this Security Instrument[,]" (*id.*), and stated explicitly that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to [Mr. and Mrs. Dixon.]" (*Id.* at 24).

On or about February 18, 2012, MERS purportedly assigned the Deed of Trust to the HSBC Trust. (ECF No. 1, ¶ 10). A second assignment from MERS to the HSBC Trust was also signed and recorded on June 5, 2012. (*Id.* ¶ 11). On September 5, 2014, the HSBC Trust substituted trustees, replacing Richard T. Cregger with Mark H.

---

[1] References to page numbers in ECF documents are to ECF-generated page numbers.

Wittstadt and Gerard Wittsadt, Jr. (*Id*. ¶ 12). On July 18, 2017, the HSBC Trust again substituted trustees, replacing the Wittstadts with James E. Clarke, Renee Dyson, Hugh J. Green, Shannon Menapace, Christine M. Drexel, and Brian Thomas as substitute trustees. (*Id*. ¶ 13). Some time thereafter, Mr. and Mrs. Dixon received a Notice of Default in the mail, followed by a Notice of Foreclosure. (*Id*. ¶¶ 14-15). The former listed the HSBC Trust as the current noteholder, and the latter stated that SPS is a debt collector working on the HSBC Trust's behalf.

The most recent substitute trustees subsequently filed an Order to Docket Foreclosure ("the Foreclosure Case") in the Circuit Court for Howard County Maryland ("the Circuit Court") on August 31, 2017. (ECF No. 9-4 at 41). While that case remained pending, Plaintiffs filed their own complaint in the Circuit Court ("the Circuit Court Action"), alleging the same causes of action as in the instant case. (ECF No. 9-3).

On October 15, 2018, Defendants moved to dismiss Plaintiff's complaint in the Circuit Court Action. (ECF No. 9-4). Defendants argued 1) that Plaintiffs lacked standing to challenge the assignment of the Note, (*id*. at 8), that Maryland courts "Have Routinely Upheld MERS Business Model," (*id*. at 9), and 3) that Plaintiffs' claims otherwise failed as a matter of law, (*id*. at 10-14). On December 20, 2018, the Circuit Court granted Defendants' motion to dismiss, and ordered the Circuit Court Action

3

dismissed with prejudice. (ECF No. 9-5). The Circuit Court issued its order without an accompanying opinion. (*Id*.).

Plaintiffs subsequently filed a motion to alter or amend the Circuit Court's judgment, which was denied, and Plaintiffs have not since appealed the Circuit Court's judgment. (ECF No. 9-8).

Plaintiffs filed this case on June 11, 2019. (ECF No. 1). Defendants moved to dismiss on the basis of *res judicata* and failure to state a claim on July 19, 2019, (ECF No. 9), and Plaintiffs have since opposed that motion, (ECF No. 14), and filed a motion for leave to file an amended complaint, (ECF No. 15), which Defendants oppose, (ECF No. 17).

**II. Motion to Dismiss**

    **A.   Res Judicata**

Defendants argue that the Circuit Court Action has preclusive effect in this case, and that the court must dismiss under the doctrine of *res judicata*. (ECF No. 9-1, at 4). Consideration of the defense of *res judicata* on a motion to dismiss is appropriate under the circumstances presented here:

> Although an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the ground of *res judicata,* a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact, *see* Day v.

4

> Moscow, 955 F.2d 807, 811 (2d Cir. 1992); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984); Briggs v. Newberry County Sch. Dist., 838 F.Supp. 232, 234 (D.S.C. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993) (unpublished).

Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000); *see also Q Int'l Courier Inc. v. Smoak,* 441 F.3d 214, 216 (4th Cir. 2006). Defendant attached public records from the Circuit Court to the motion to dismiss. Plaintiffs do not object to inclusion of this record.

Where, as here, a federal court litigant asserts that a state court judgment has preclusive effect, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). The Circuit Court Action was a Maryland state court proceeding, and thus Maryland law governing *res judicata* applies. Further, as *res judicata* is an affirmative defense, *Daw*, 201 F.3d at 524, Defendants bear the burden of establishing it. *Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007).

Under Maryland law, the elements of res judicata are: 1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; 2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and 3) that there has been a final

judgment on the merits. *See Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005). Defendants have not met the burden of establishing all of these elements. While they may be correct about the first two elements, Defendants are incorrect to say that the Circuit Court Action dismissal was a "final judgment on the merits." It may have been, but without an opinion clarifying the grounds on which that action was dismissed, it is possible that the Circuit Court dismissed based on a lack of standing.

Defendants argued in their Circuit Court Action motion to dismiss that:

> [t]he underlying issue in each of the causes of action asserted in this Complaint is that Plaintiffs contest the Assignment of the Mortgage Loan and execution of the Appointment of Substitute Trustees. No matter how it is characterized, any claim based upon such an assertion must be dismissed, as a borrower does not have standing to bring a claim contesting the lender's compliance with the Pooling and Servicing Agreement or to challenge the enforceability of an assignment thereunder.

(ECF No. 9-4, at 4-5). To be sure, Defendants *also* argued that Plaintiffs had failed to state a claim. But without any indication of which ground the Circuit Court relied on in its dismissal, there remains the distinct possibility that the Circuit Court Action was dismissed for a lack of standing. *If* the prior judgment was a dismissal merely for lack of standing, then it *may* not qualify as

6

a "judgment on the merits." *See, e.g.*, *Bank of New York Mellon v. Georg*, 175 A.3d 720, 753 (Md. 2017).[2]

The Defendants have not met their burden in establishing that Plaintiffs' action is barred by *res judicata*.

**B. Failure to State a Claim**

Plaintiff brings several causes of action: 1) fraud, 2) a claim "to void or cancel assignment of deed of trust and substitution of trustee", 3) breach of contract, 4) breach of the implied covenant of good faith and fair dealing, and 5) a claim for a "temporary restraining order to show case re preliminary injunction[.]" (ECF No. 1, at 4-11).

**1. Fraud**

Plaintiffs' allegations of fraud are not entirely clear. They allege that Defendants withheld information from them relating to the Note and Deed of Trust "with the intent to defraud." (ECF No. 1, at 5). While mostly based on omissions by Defendants,

---

[2] The Circuit Court Action was dismissed with prejudice. (ECF No. 9-5). Under *federal* law, courts may not dismiss with prejudice for lack of standing. *See Openband at Broadlands*, 713 F.3d at 185 ("A dismissal for lack of standing – or any other defect in subject matter jurisdiction – must be one without prejudice"). Under *Maryland* law, which obviously governed the Circuit Court Action, that is not necessarily the case. *See, e.g.*, *Morris v. Goodwin*, 148 A.3d 63, 71-72 (Md. 2016) (holding that trial court did not err in dismissing action based on plaintiff's lack of standing with prejudice). Therefore, the fact that the Circuit Court Action was dismissed with prejudice does not answer the question of whether the Circuit Court dismissed based on lack of standing or failure to state a claim.

7

Plaintiffs do allude to Defendants "utiliz[ing] amounts known to the Defendants to be inaccurate to determine the amount allegedly due and owing for purposes of foreclosure." (*Id.*).

Under Maryland law, the elements of fraud are:

> (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.

*State Construction Corp. v. Slone Associates, Inc.*, 385 F.Supp.3d 449, 469 (D.Md. 2019) (citing *Hoffman v. Stamper*, 867 A.2d 276, 292 (2005). When *pleading* fraud, Plaintiffs need not prove every element, of course, but they must "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Practically speaking, this means Plaintiffs must allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999) (citing 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)).

Plaintiffs have not met this heightened pleading standard. It is not at all clear from the Complaint *what* information was

8

withheld from Plaintiffs, or how the "amounts" utilized by Defendants to initiate foreclosure differed the actual amount Plaintiffs owed. What is more, Plaintiffs nowhere suggest that they were not in fact in default of the Note, thus leaving unclear what Defendants had to gain by any such false representations.

### 2. Breach of Contract

Under Maryland law, the elements of a breach of contract claim are: 1) a contractual obligation, and 2) a material breach of that obligation. *RRC Northeast, LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 440 (Md. 2010). While not requiring a heightened pleading standard per se, "[i]t is well-established in Maryland that a complaint alleging a breach of contract must of necessity allege with certainty and definiteness <u>facts</u> showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *Id*.

Again, Plaintiffs' Complaint falls short of this standard. Plaintiffs allege that the breach occurred as a result of Defendants' improper assignment. (ECF No. 1, at 8). Plaintiffs specifically reference covenants 15, 20, and 23 of the Note without in any way explaining how those covenants were breached. Such conclusory allegations are not enough to state a claim.

### 3. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiffs' next cause of action, "breach of the implied covenant of good faith and fair dealing," is not an independent

9

cause of action under Maryland law. *See Mount Vernon Properties, LLC v. Branch Banking and Trust Co.*, 907 A.2d 373, 381 (Md. 2006).

### 4. Claims for Equitable Relief

Finally, Plaintiffs also seek certain equitable relief. First, Plaintiffs seek to "void or cancel assignment of deed of trust and substitution of trustee." In essence, Plaintiffs are seeking a declaratory judgment that these transactions are legally void. Plaintiffs variously argue that MERS "conducted business in Maryland when it was not registered with the Secretary of State" and that because none of the Defendants were "the LENDER named on the Plaintiffs [sic] Deed of Trust . . . they are not authorized to issue any substitutions in regard to the Trustee." (ECF No. 1 at 6-7). The court can identify no legal authority under which it could or should void these valid assignments and substitutions.

What is more, as neither a party, nor a third-party beneficiary, to either the assignments or the substitutions, Plaintiffs lack standing to challenge these transactions. *See 120 W. Fayette v. Baltimore*, 43 A.3d 355, 368 (Md. 2012). Accordingly, Plaintiffs have no enforceable contract rights with regards to either the assignments or the substitutions: Plaintiffs were required to make payments under the Note regardless and have no legal interest in any of the transactions they seek to void.

Second, Plaintiffs seek "a temporary restraining order and for issuance of an order to show cause requiring defendants to

10

show cause why a preliminary injunction should not issue pending trial in this action, enjoining defendants. . . from foreclosing/selling Plaintiff's property." (ECF No. 1, at 10). Plaintiff suggests that this "cause of action" is brought pursuant to several Maryland consumer protection statutes. *Id*. Plaintiffs base this claim on the fact that "Defendants are attempting to engage in a fraudulent foreclosure and sale of the Subject Property[.]" *Id*. The proper forum for adjudicating Defendants' foreclosure of the Property is in the Foreclosure Action, not in this court.

### III. Motion to Amend

Plaintiff Dave L. Dixon also seeks to amend the complaint. (ECF No. 15). Notably, Mr. Dixon alone signed this motion, claiming to act as the "pro se representative" for both Plaintiffs. *Id*. Under Fed. R. Civ. P. 11(a): "Every pleading, written motion, and other paper must be signed. . . by a party personally if the party is unrepresented." It is not entirely clear that Mrs. Dixon's failure to sign is significant, in no small part because the absence of Mrs. Dixon's signature does not render this motion void. *See Holley Coal Co. v. Globe Indem. Co.*, 186 F.2d 291, 295 (4th Cir. 1950) ("an unsigned [motion] is not invalid"). Rather, unreported decisions in this court suggest that "the Court retains discretion to accept the unsigned [motion] or to grant leave to cure the defect instead of striking the [motion]." *Waskey v.*

11

*O'Neal*, 2019 WL 2502389 at *2 (D.Md. June 17, 2019) (collecting cases).

Defendants also contest this motion on the grounds that Plaintiffs have violated Local Rule 103(6)(a) and (c) requiring the moving party to include an original of the proposed amended pleading and to file a copy of the proposed amended pleading reflecting the proposed amendments to the original pleading. (ECF No. 17, at 3).

Fed.R.Civ.P. 15(a)(2) provides that courts "should freely give leave when justice so requires." "Denial of leave to amend should occur 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Jarallah v. Thompson*, 123 F.Supp.3d 719, 728 (D. Md. 2015) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). An amendment is futile if it is clearly insufficient or frivolous on its face and would not survive a motion to dismiss. See *Tawwaab v. Va. Linen Serv.*, Inc., 729 F.Supp.2d 757, 769 (D. Md. 2010).

Although "[f]ailure to comply strictly with the dictates of Local Rule 103.6 by itself is not fatal" to a *pro se* plaintiff's motion for leave to amend, *see Jassie v. Mariner*, No. DKC-15-1682, 2016 WL 3218725, at *3 (D. Md. June 10, 2016), "where ... the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint

12

or other indication of the amendments he wishes to make, 'the district court [does] not abuse its discretion' " in denying a motion to amend the complaint, *Estrella v. Wells Fargo Bank*, N.A., 497 Fed.Appx. 361, 362 (4th Cir. 2012) (the district court did not abuse its discretion in denying leave to amend when the plaintiff "did not inform the court as to what amendment was being sought"). Nonetheless, given Plaintiff's *pro se* status, the court will allow Plaintiffs to cure the defects in its motion to amend. Plaintiffs may re-file for leave to amend, with a corrected signature from both Plaintiffs, as well as a copy of the proposed Amended Complaint no later than 14 days from the date of this Opinion and Order. They are cautioned to limit any attempt to replead to those causes of action for which they have standing and can allege all necessary elements.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendants SPS, MERS, and the HSBC Trust will be granted and the motion for leave to amend filed by Plaintiffs will be denied with leave to file again. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
