```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
                                     :
DAVE L. DIXON, et al.
                                     :
     v.                              :   Civil Action No. DKC 19-1710
                                     :
SELECT PORTFOLIO SERVICING
COMPANY c/o Lawyers                  :
Incorporating Service Company,
et al.                               :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this fraud and breach of contract case is the motion for leave to file an amended complaint filed by Dave and Juliana Dixon, Plaintiffs. (ECF No. 29). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave to file an amended complaint will be denied.

**I.  Background**

The background of this litigation is documented in a previous opinion. (ECF No. 19); *Dixon v. Select Portfolio Servicing Company, et al.*, No. 19-cv-1710-DKC, 2020 WL 470314 (D.Md. Jan. 28, 2020). Essentially, Plaintiffs are suing Defendants for their alleged wrongful acts in executing and managing the promissory note and Deed of Trust with which Plaintiffs purchased their home ("the Property"). The Property is currently the subject of a

foreclosure action in Maryland state court.  (ECF No. 19, at 3). The opinion docketed as ECF No. 19 and its accompanying order dismissed Plaintiffs' claims, denied their motion for leave to file an amended complaint, and invited them to file again.

Rather than accept the invitation, Plaintiffs instead filed an appeal to the Fourth Circuit. The appeal was dismissed. *Dixon v. Select Portfolio Servicing Co.*, 841 F.App'x 633 (4th Cir. 2021). Plaintiffs were then afforded an additional 21 days to file a motion for leave to amend, which they did.  That second motion for leave to file an amended complaint was dismissed because of Plaintiffs' failure to comply with Local Rule 103.6.  (ECF No. 28, at 2).  Plaintiffs were instructed that they were being given a final opportunity to file a motion for leave to file an amended complaint that complied with Local Rule 103.6.  (ECF No. 28, at 2).[1]

Plaintiffs have now filed their third motion for leave to file an amended complaint.  (ECF No. 29).  Defendants have filed an opposition.  (ECF No. 32).  Plaintiffs' latest proposed amended complaint alleges eight causes of action, five of which are

---

[1] Despite these clear instructions, Plaintiffs have once more failed to comply with Local Rule 103.6, leaving almost entirely unidentified their proposed edits.  This alone is reason to deny their motion. Furthermore, when Plaintiffs' proposed amended complaint is reviewed on the merits, it also fails.

2

revisions or restatements of claims from their first complaint, and three of which are new claims.  (ECF No. 29-2).

## II.  Standard of Review

When, as here, the right to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed.R.Civ.P. 15(a)(2).  Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires[,]" and commits the matter to the discretion of the district court.  *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).  "A district court may deny a motion to amend when . . . the amendment would be futile."  *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted).  "A proposed amendment is [] futile if the claim it presents would not survive a motion to dismiss."  *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citation omitted).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor."  *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).  A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a

"short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

**III. Analysis**

Plaintiffs' proposed amended complaint purports to state eight causes of action: (1) fraud; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) a claim to "void or cancel assignment of deed of trust and substitution of trustee"; (5) a claim for a "temporary restraining order and order to show cause re preliminary injunction"; (6) a claim of "expiration of the statute of limitations"; (7) a claim of "incorrect computation of plaintiff's liability"; and (8) a claim that the "original note has not been made available[.]"  (ECF No 29-2, 3-11).[2]

---

[2] Plaintiffs' motion for leave to file an amended complaint makes two constitutional arguments—denial of equal protection and denial of due process—which are not included in the proposed amended complaint.  (ECF No. 29, at 6-7).  The motion also states

**A.   Fraud**

Plaintiffs' proposed amended fraud claim alleges that they were "misleadingly entic[ed]" and "goaded" to enter into the financing arrangment for the Property by WMC Mortgage Corp. ("WMC")—an entity Plaintiffs propose to add as a defendant in their proposed amended complaint.  (ECF No. 29-2, at 4).  Plaintiffs allege that the repayment terms of their promissory note were supposed to be a "subprime mortgage rate that was applicable only for the first 6 to 9 months," after which Plaintiffs could modify the rate, and that before they could complete the modification of the interest rate the loan was sold to another proposed defendant, Bank of America.  (ECF No. 29-2, at 4).[3]  Bank of America, Plaintiffs allege, agreed to modify the interest rate, but subsequently "reneg[ed] on their end of the bargain."  (ECF No. 29-2, at 4).

---

it is seeking leave to add at least 20 defendants to Plaintiffs' claim, at least 18 of which are not apparently referenced in the proposed amended complaint.  (EFC No. 29, at 2).  Not only are these claims and defendants not referenced in the proposed amended complaint, but the two constitutional arguments appear to be futile because Plaintiff has made no allegation of state action.

[3] It is not clear what exactly Plaintiffs are alleging Bank of America owned and when they owned it.  The "General Allegations" section of the original complaint alleged a chain of ownership for the promissory note and Deed of Trust, and made no reference to Bank of America.  Despite amending their complaint to propose Bank of America as a defendant, Plaintiffs have proposed no amendment to the "General Allegations" section.  The first reference to Bank of America is in Plaintiff's revised fraud allegation.  (ECF No. 29-2, at 1-4).

5

Plaintiffs further allege that Defendants knew that Plaintiffs had been "defrauded by their predecessors," that "Plaintiff's account was not accurate and the Defendants could use the inaccuracy to foreclose on the Subject Property," that "Defendants also utilized amounts known to the Defendants to be inaccurate to determine" what Plaintiffs owed for the purposes of the foreclosure, and that "Defendants made the above-referenced false representations, concealments, and non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiff's reliance[.]"  (ECF No. 29-2, at 4-5).

Under Maryland law, the elements of fraud are:

> (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.

*State Construction Corp. v. Slone Associates, Inc.*, 385 F.Supp.3d 449, 469 (D.Md. 2019) (citing *Hoffman v. Stamper*, 867 A.2d 276, 292 (2005).  When *pleading* fraud, Plaintiffs need not prove every element, of course, but they must "state with particularity the circumstances constituting fraud[.]"  Fed.R.Civ.P. 9(b).  Practically speaking, this means Plaintiffs must allege "the time, place, and contents of the false representations, as well as the

6

identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999) (citing 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)).

Plaintiffs have not met this heightened pleading standard. It is not clear from the complaint when and where the "subprime mortgage rate" and subsequent modification plan was offered to Plaintiffs, who offered it to Plaintiffs, or what the specific terms of the proposal were. Similarly, Plaintiffs do not plead what the offered modified interest rate was to be, let alone what the actual mortgage rate was that they were paying. They only plead that their mortgage payments were "in excess of $6,500.00 per month[.]" (ECF No. 29-2, at 4). They do not plead what their payment should have been. Plaintiffs also do not plead, beyond a bald and conclusory allegation, that WMC knowingly or recklessly made a false representation. (ECF No. 29-2, at 5). In fact, Plaintiffs do not plead at all that WMC ever refused to modify the interest rate.

Plaintiffs' fraud claim also seems to allege a breach of contract claim by Bank of America for failing to uphold the modified interest rate. (ECF No. 29-2, at 4). Again, Plaintiffs' proposed amended complaint fails to state its claim with sufficient specificity. The proposed amended complaint only states

7

Plaintiffs' conclusion that Bank of America "reneg[ed]." There are no factual allegations as to what Bank of America and its agents did or did not do.[4]

### B.   Breach of Contract

Plaintiffs have almost exactly restated their breach of contract claim from the first complaint.  The minor difference is that they (1) allege proposed defendant WMC breached Covenant 15 of the Deed of Trust by not giving Plaintiffs "required notice" that WMC was selling the promissory note and Deed of Trust; and (2) that an unidentified defendant breached Covenant 20 by not providing Plaintiffs notice that proposed defendant Bank of America was "joined to a judicial action[.]"  (ECF No. 29-2, at 8).

---

[4] Defendants assert that Plaintiffs' fraud and breach of contract allegations against WMC and Bank of America are untimely. (ECF No. 32, at 8, 11).  The statute of limitations is an affirmative defense that must be pled and proven by a defendant. It is ordinarily not appropriate to consider such a defense on a motion dismiss. *Long v. Welch & Rushe, Inc.*, 28 F.Supp. 446, 456 (D.Md. 2014). Only when all the facts necessary to the affirmative defense clearly appear on the face of the complaint may an affirmative defense be reached on a Rule 12(b)(6) motion to dismiss. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).  The facts necessary to the affirmative defense do not clearly appear on the face of Plaintiffs' proposed amended complaint, but Defendants are right that it has been nearly fifteen years since the alleged fraud and breach of contract occurred. Given Maryland's statute of limitations for civil claims is three years, the age of Plaintiffs' allegations is another reason why amending the complaint is futile. Md. Code Ann. Cts & Jud Proc. § 5-101.

Under Maryland law, the elements of a breach of contract claim are: 1) a contractual obligation and 2) a material breach of that obligation. *RRC Northeast, LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 440 (Md. 2010). While not requiring a heightened pleading standard per se, "[i]t is well-established in Maryland that a complaint alleging a breach of contract must of necessity allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *Id.*

First, Covenant 15 has no requirement to give notice under any circumstances. It merely describes the manner in which notice is to be made. (ECF No. 9-4, at 23). Plaintiffs may have mistakenly substituted Covenant 15 for Covenant 20 in their allegation, but Covenant 20 is similarly unhelpful to Plaintiffs. As has already been explained to Plaintiffs, Covenant 20 states that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times *without* prior notice to [Mr. and Mrs. Dixon.]" (ECF Nos. 9-4, at 24; 19, at 2) (emphasis added). WMC was not required to give Plaintiffs notice it had sold the promissory note.

Second, Plaintiffs have misinterpreted Covenant 20, which states in part:

> Neither Borrower nor lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of

9

>                a class) that arises from the other party's
>                actions pursuant to this Security Instrument
>                or that alleges that the other party has
>                breached any provision of, or any duty owed by
>                reason of this Security Instrument, until such
>                Borrower or Lender has notified the other
>                party . . . of such alleged breach and afforded
>                the other party hereto a reasonable period
>                after the giving of such notice to take
>                corrective action.

(ECF No. 9-4, at 24). In effect, Covenant 20 forbids either the borrower (Plaintiffs) or the lender (WMC) from suing the other party for breaching the terms of the promissory note, until notice of the breach has been given and an opportunity to remedy the breach has expired.

Plaintiffs seem to believe that if any defendant in this current lawsuit was joined to *any* judicial action without notice to Plaintiffs then that would be a violation of Covenant 20. (ECF No. 29-2, at 8). This is not true. Moreover, irrespective of which interpretation is the right one, Plaintiffs have not stated this claim with sufficient specificity. It is not clear from the complaint what transaction Bank of America was joined to or when the transaction occurred, or whether Bank of America had assumed ownership of the promissory note and Deed of Trust at the time the alleged transaction occurred. (ECF No. 29-2, at 8).

**C.   Breach of the Covenant of Good Faith and Fair Dealing**

Plaintiffs repeat, almost word for word, the breach of the implied covenant of good faith and fair dealing claim that they

10

made in their first complaint.  The only change they have made is to add a reference to their new theory that "Defendants" breached a modification agreement in 2007.  It remains true that "breach of the implied covenant of good faith and fair dealing," is not an independent cause of action under Maryland law.  (ECF No. 19, at 9-10); *Mount Vernon Properties, LLC v. Branch Banking and Trust Co.*, 907 A.2d 373, 381 (Md. 2006).

### D.   Claims for Equitable Relief

Plaintiffs repeat the equitable claims they made in the first complaint: (1) a claim to void or cancel the assignment of the deed of trust and substitution of trustees; and (2) a claim for the issuance of a temporary restraining order and an order to show cause.  For their claim to void or cancel, Plaintiffs have added further conclusory allegations about the allegedly unlawful operation of defendant Mortgage Electronic Registration Systems, Inc.  (ECF No. 29-2, 5-6).  As was previously explained to Plaintiffs, there is no legal authority supporting their allegations and they lack standing to challenge the transactions. (ECF No. 19, at 10); *120 W. Fayette St., LLLP v. Mayor of Baltimore*, 43 A.3d 355, 368 (Md. 2012).  Similarly, Plaintiffs have repeated their claim for a temporary restraining order without alteration. (ECF Nos. 10, at 10-11; 29-2, at 9-10).  As was previously explained to Plaintiffs, the proper forum for adjudicating

11

Defendants' foreclosure of the Property is in the Foreclosure Action, not in this court. (ECF No. 19).

### E. Newly Proposed Claims

Plaintiffs' claim for the application of a statute of limitations against the foreclosure and their claim that the Defendants have incorrectly computed Plaintiffs' liability are both factual defenses to the Foreclosure Action and are properly brought in that forum, not in this court.

Plaintiffs' final claim that none of the Defendants have shown them the "original note signed by Plaintiffs," and that they have only seen a redacted "copy of some note" without "any endorsement from the original lender WMC" is without merit because Defendants are not required to produce the original note, signed by Plaintiffs, to enforce the note. *See Jones v. Bank of N.Y. Mellon*, No. 13-cv-3005-DKC, 2014 WL 3778685, at *4 (D.Md. July 29, 2014).

### IV. Conclusion

For the foregoing reasons, Plaintiffs' proposed amendments are futile. Plaintiffs' motion for leave to file an amended complaint will be denied. Inasmuch as Plaintiffs have had at least two opportunities to plead proper causes of action against viable defendants and have failed to do so, the complaint is now dismissed with prejudice.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge